789 F.2d 67
 252 U.S.App.D.C. 235
 CELCOM COMMUNICATIONS CORPORATION, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee,
Cellular Mobile Corp., Cellular Telephone Company, Intervenors.
CELCOM COMMUNICATIONS CORPORATION, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
 Nos. 84-1587, 85-1316.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued March 12, 1986.
Decided April 29, 1986.
 
 Appeals from Orders of the Federal Communications Commission.
 S. William Livingston, Jr., Washington, D.C., with whom Jonathan D. Blake and Alan A. Pemberton, were on the brief for appellants in Nos. 84-1587 and 85-1316. Paul J. Berman, Washington, D.C., also entered an appearance, for appellant in No. 85-1316.
 Roberta L. Cook, Counsel, F.C.C., with whom Jack D. Smith, Gen. Counsel and Daniel M. Armstrong, Associate Gen. Counsel, were on the brief, Washington, D.C., for appellee in Nos. 84-1587 and 85-1316.
 Ben C. Fisher, with whom John Q. Hearne, Eliot J. Greenwald, Stephen A. Weiswasser, and William R. Richardson, Jr., Washington, D.C., were on the brief, for intervenor, Cellular Telephone Co., in No. 84-1587.
 Edward P. Taptich and William K. Keane were on the brief for intervenor, Cellular Mobile Corp., in No. 84-1587. Silvia L. Gonzalez, Washington, D.C., also entered an appearance, for intervenor, Cellular Mobile Corp., in No. 84-1587.
 Before WRIGHT and STARR, Circuit Judges, and McGOWAN, Senior Circuit judge.
 Opinion for the Court filed by Circuit Judge STARR.
 STARR, Circuit Judge:
 
 
 1
 This case is another in a growing line of appeals from the Federal Communications Commission's decisions awarding cellular radio licenses, popularly known as cellular telephone service. The Commission awarded the New York nonwireline cellular license to Cellular Telephone Company (CTC), thus denying the competing applications of appellant Celcom Communications Corporation (Celcom) and Cellular Mobile Corporation.[1] Most of the points advanced by Celcom, the remaining disappointed applicant, were raised by its corporate affiliates or by others in prior proceedings involving other cellular markets. Those questions have been resolved by our prior decisions and will not be revisited here. Celcom Communications Corp. of Georgia v. FCC, 787 F.2d 609 (D.C.Cir.1986) (Atlanta ); Cellular Mobile Systems of Illinois, Inc. v. FCC, 782 F.2d 214 (D.C.1986) (Chicago ); Cellular Mobile Systems of Pennsylvania, Inc. v. FCC, 782 F.2d 182 (D.C.Cir.1985) (Pittsburgh ).
 
 
 2
 * The greater part of Celcom's other contentions challenge the comparative preferences awarded for geographic and population coverage, determination of demand, ability to accommodate demand, and ability to expand in a coordinated manner to meet anticipated increased demand for service. Celcom also contests the ALJ's decision not to permit discovery. We find that the preferences awarded by the Commission were amply supported by record evidence and reflected reasoned decisionmaking. Moreover, the ALJ's denial of discovery did not constitute an abuse of discretion.[2] We are satisfied that these procedures comported with the requirements of the Commission's governing statute and rules, as well as the Administrative Procedure Act.
 
 II
 
 3
 Celcom raises an additional argument, novel to these proceedings, that the FCC erred in ordering CTC to amend its application in order to comply with the Commission's rule that an applicant's Cellular Geographic Service Area (CGSA) may not exceed the Standard Metropolitan Statistical Area (SMSA) by more than a de minimis amount.[3] See 47 C.F.R. Sec. 22.903(a) (1982); Atlanta, at 613-614; Pittsburgh, at 187. By doing so, Celcom contends, the Commission ran afoul of the bedrock requirement, recently enunciated once again by this court in Reuters Limited v. FCC, 781 F.2d 946 (D.C.Cir.1986), that an agency must abide by its own rules.
 
 
 4
 As we view this record, however, the agency was not, as Celcom would have it, suspending its rule in an ad hoc fashion. Violation of the substantive rule in question is indeed grounds for rejection of an application, but rejection is by no means mandatory. The FCC's cellular rules authorize amendments to CGSA's whenever requested by the Commission. 47 C.F.R. Sec. 22.918(b)(2) (1982). Additionally, after applications are designated for hearing, amendments are permitted upon leave of the presiding judge. Id. Sec. 22.918(b)(3). Any change in a CGSA is classified as a major amendment under the 1982 rule, id. Sec. 22.23(c)(1); major amendments are treated as new applications except when the applications have already been designated for hearing, as they were here. Id. Sec. 22.31(e)(1). In such a case, the amendment may be accepted for good cause. Id. Secs. 22.23(b), 22.31(e).
 
 
 5
 Here, the Commission found that all four cellular applicants, including both Celcom and CTC, had violated the CGSA extension rule, and ordered all four to file conforming amendments. Among the amendments ordered by the Commission were those correcting extensions into New England County Metropolitan Areas (NECMA's), inasmuch as the FCC sought to hold applicants to a stricter standard barring all such extensions, a standard adopted after these applications were filed. Designation Order, 83 Rad.Reg.2d (P & F) 349, 353-54, 355, 357, 361, 362-63 (1983).[4] The remaining amendments were ordered to correct improper CGSA extensions into neighboring SMSA's. Id. at 355-56, 357, 361, 362-63. Relying upon the similar order issued in an identical circumstance in Chicago, Advanced Mobile Phone Service, Inc., 91 F.C.C.2d 512, 518-19 (1982) (Chicago Designation Order), the ALJ found that refusing to permit conforming amendments under the circumstances would not be in the public interest. 83 Rad.Reg.2d at 362-63. Moreover, the evil of one-upmanship was not implicated; all applicants in New York were amending their CGSA's and no conforming amendment could be employed to give any applicant a comparative advantage. Id.[5]
 
 
 6
 In light of all this, we are satisfied that Reuters is inapposite. There, the issue was whether the Commission could suspend its rules post hoc, effectively revoking licenses which the FCC admitted were properly awarded under the Commission's rules by virtue of another, later-filing applicant's contention that it did not have fair notice that the FCC's long-standing rules would in fact be applied. This court held that the agency had, in the first instance, conducted itself within its rules; in addition, we rejected the contention that the parties did not have fair notice of the applicable rules. The agency had stepped outside appropriate bounds in vacating properly awarded licenses in the manner that it had and then granting mutually exclusive status to an applicant which had never timely filed in the original proceeding. In contrast, no comparable set of circumstances obtains here. The order requesting conforming amendments in this case was not a violation of the agency's rules, but was rather a prescribed means of achieving compliance by all applicants with its rules.
 
 III
 
 7
 One issue, however, warranted closer examination than appears to have been accorded by the FCC, especially in light of the unavailability of discovery under the ALJ's order. Celcom's foremost contention before us is that the award of the New York cellular license to CTC will wreak significant anticompetitive effects on the New York paging market. Specifically, CTC is a joint venture of three firms, namely Lin, Metromedia, and Cellular Systems, Inc. (CSI). CSI, in turn, is a consortium of radio common carriers in which Metromedia has a controlling interest. Celcom emphasizes that Metromedia has garnered 50 percent of the New York paging market and that its partner, Lin, enjoys 15 percent of that market. Celcom Rebuttal Exh. 20, at 12 (May 18, 1983). By virtue of that combined market share, Celcom maintains, competition in the New York paging market will potentially be sapped of its vigor by the erstwhile competitors' close collaboration in the cellular market. Celcom Exceptions, at 4-8 (Apr. 2, 1984). Arguing that the FCC's policy of encouraging partial settlements does not automatically sanction or shield anticompetitive results, Celcom urges that the FCC should have given CTC a comparative demerit.
 
 
 8
 This argument was not addressed by, and may not have been clearly presented to, the ALJ. Celcom, however, did raise and indeed vigorously pressed this argument in its Exceptions to the Initial Decision. The Commission's response was relegated to a modest footnote, which states in pertinent part:
 
 
 9
 While we are mindful of our responsibilities to consider seriously the potential anticompetitive effects of an applicant's proposal, this is but one factor in our public interest analysis. In this instance Celcom's argument is completely speculative and, as such, does not warrant further analysis.
 
 
 10
 Celcom Communications Corp., 57 Rad.Reg.2d (P & F) 481, 493-94 n. 31 (Oct. 31, 1984) (New York Final Decision) (citation omitted).
 
 
 11
 While the conclusion set forth in that footnote may have embodied a reasoned disposition of this issue, it is not articulated with sufficient clarity or specificity to permit us to engage in meaningful review. It is elementary, of course, that the Commission's licensing decisions are bounded by the requirement of reasoned decionmaking. This fundamental mandate means that the agency must consider the relevant evidence presented and offer a satisfactory explanation for its conclusion. A reviewing court cannot do the agency's work for it; that is, the judiciary "may not supply a reasoned basis for the agency's action that the agency itself has not given," Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 43, 103 S.Ct. 2856, 2866, 77 L.Ed.2d 443 (1983), although it may, to be sure, " 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.' " Id. (quoting Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 286, 95 S.Ct. 438, 442, 42 L.Ed.2d 447 (1974)).
 
 
 12
 In this case, the Commission acknowledged its duty to consider potential anticompetitive effects of the joint venture, yet it failed to account for its conclusion that the argument being advanced was "completely speculative" and undeserving of any articulated analysis. Before this court, counsel has offered several possible reasons for the agency's conclusion: (1) that the allegations with respect to market share and market structure were unsupported by record evidence; (2) that the argument was not timely made to the ALJ by (a) opposing the settlement on this ground, (b) seeking inclusion of this issue in the Designation Order, or (c) seeking an enlargement of issues; (3) that other factors favoring the successful CTC proposal and the Commission's general policy in favor of settlements outweighed the risk of the alleged anticompetitive effects; and (4) that the anticompetitive risk is insignificant inasmuch as the New York paging market is highly competitive with no barriers to entry. Only the first and fourth of these arguments, however, even go to the flaw discerned by the Commission, namely that Celcom's concerns of anticompetitive conduct were "speculative." Counsel's various observations may all provide valid reasons supporting the Commission's decision, but it is not for us to say at this stage. By virtue of the FCC's silence, we are left to guess as to which, if any, of these reasons undergird the agency's conclusion. Consequently, we remand the case to the Commission so it can address this issue in a more thorough fashion. By so doing, we obviously express no view whatever on the merits of the question that the Commission must now resolve.
 
 
 13
 So Ordered.
 
 
 
 [1]
 Cellular Mobile Corporation also appealed the FCC's decision, but dismissed its appeal prior to oral argument
 
 
 [2]
 "Limited use" of discovery may be permitted if the ALJ finds that the Designation Order indicates an area where it is needed. 47 C.F.R. Sec. 22.916(b)(6) (1982). In this proceeding, the ALJ expressly found that the Designation Order did not indicate a need for discovery. Order, FCC 83M-739, at 2 (Mar. 7, 1983). Celcom fails to persuade us that the ALJ's discretion in ordering these proceedings was abused
 
 
 [3]
 The 1982 rule also provided that CGSA extensions into neighboring New England County Metropolitan Areas (NECMA's) could not exceed the de minimis standard. 47 C.F.R. Sec. 22.903(a) (1982)
 
 
 [4]
 Those amendments are not challenged here
 
 
 [5]
 The apparent failure to comply with the public notice rule, id. Sec. 22.27, is harmless error, for Celcom suffered no injury; the Order not only notified all interested parties, but provided that all could challenge the amendments in their rebuttal cases